**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RUBEN HERNANDEZ, AKA Ruben Hernandez Sosa,<br><br>             Petitioner,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General,<br><br>             Respondent. | Nos. 13-72087<br>          13-73923<br><br>Agency No. A073-979-735<br><br><br>MEMORANDUM[*] |

On Petitions for Review of Orders of the
Board of Immigration Appeals

Submitted July 26, 2016[**]

Before:      SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

In these consolidated petitions for review, Ruben Hernandez, a native and

citizen of Mexico, petitions for review of the Board of Immigration Appeals'

("BIA") order denying his motion to reopen removal proceedings based on

ineffective assistance of counsel (petition No. 13-72087), and his subsequent

_____

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion to reconsider (petition No. 13-73923). We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen or reconsider, and review de novo questions of law and claims of ineffective assistance. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny the petitions for review.

The BIA did not abuse its discretion in denying Hernandez's March 22, 2013, motion to reopen for failure to establish prejudice where he has not shown how different conduct by his prior attorney may have affected the outcome of proceedings. *See id.* at 793 (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate that he was prejudiced by counsel's performance). Hernandez has not established that the BIA applied an incorrect prejudice standard. In light of this disposition, we do not reach Hernandez's contention regarding timeliness.

The BIA did not abuse its discretion in denying the June 17, 2013, motion to reconsider, where Hernandez failed to establish any error of fact or law in its May 16, 2013, decision. *See* 8 C.F.R. § 1003.2(b)(1) ("A motion to reconsider shall state the reasons for the motion by specifying the errors of fact or law in the prior Board decision"). Insofar as Hernandez's motion to reconsider could also be construed as a motion to reopen due to the further documentation submitted, the

13-72087; 13-73923

BIA did not abuse its discretion in denying the motion as untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2).

Hernandez's contention that the BIA ignored arguments and evidence is not supported by the record. It follows that he failed to establish a due process violation. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (to prevail on a due process challenge, an alien must show error and prejudice).

**PETITIONS FOR REVIEW DENIED.**